HARDY, Judge
(dissenting).
With the utmost respect I am impelled to dissent from the majority opinion in this case and the consolidated suit of Ainsworth v. Henry & Hall, because I differ with the conclusions reached as to the nature of the relationship which existed between Guin and the partnership of Henry & Hall.
.Despite the pronouncements in the majority opinion to the effect that no one test is conclusive; that many factors enter into the question, and that the terms and conditions and the attitude of the parties are influential, I think that the opinion disregards all of these factors. The opinion attempts to determine the question of the existence of a contract solely upon the consideration of the understanding and interpretation of one of the parties, that is, the defendant, Henry & Hall. There is not the slightest evidence in the record which would indicate that Guin considered himself to be an independent contractor. He applied to the defendant partnership for work and, as a tool or implement of his calling he evidenced the right "to the use of his truck.
I am persuaded that the truck, jointly owned by Guin and McCart, should be considered in this instance only in the light of a tool or implement. A woodsman is not an independent contractor because he owns the axe which he uses in the felling of trees. A carpenter is not accorded the status of an independent contractor because he bears a kit of tools to the job upon which he is engaged.
As to the purported contract to which the majority refers “The contract for services rendered was an oral one * * * ”, I find nothing of a contractual nature. The essence of a contract lies in the existence of mutual obligations as between the parties. In this, case Guin had no obligations except with respect to his own wishes. After his employment he could haul one load, a thousand loads, or no load of gravel. He did not contract, that is, agree and obligate himself to do anything.
I feel that the error evidenced in the majority opinion lies in the fact that it has considered only one phase of the relationship between the parties involved, and, for the reasons above set forth, I respectfully dissent